UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DEWANNA HENDERSON** | **CIVIL ACTION NO. 3:21-CV-02439** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JPMORGAN CHASE BANK, N.A.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Pending before this Court is a Motion for Judgment on the Pleadings [Doc. No. 12] filed by Defendant JPMorgan Chase Bank, N.A. ("Chase"). No opposition has been filed. For the reasons set forth herein, Chase's Motion is GRANTED.

**I.    BACKGROUND**

On June 30, 2021, Plaintiff Dewanna Henderson ("Henderson") filed a Petition for Damages in the Fourth Judicial District Court, Ouachita Parish, suit number C-20211917, against Chase [Doc. No. 1-1]. Chase filed a Notice of Removal [Doc. No. 1] and the matter was removed to this Court on August 12, 2021.

Henderson alleges that Chase wrongfully terminated her on or about October 16, 2020, as a result of Henderson securing a loan through the Small Business Administration ("SBA") for disaster assistance. The allegations further state that Henderson was told by phone that she was terminated due to her securing a loan with SBA, but that she has since not been able to find out the specific reasons for the termination.

Henderson further alleges that she did not violate any Chase employee code of conduct, and that she is entitled to lost pay, lost benefits, punitive damages, damages for emotional distress, and attorney fees.

Chase filed the pending Motion for Judgment on the Pleadings [Doc. No. 12] alleging that Chase is entitled to judgment based on the pleadings because Henderson has set forth no grounds for wrongful termination.

## II.  LAW AND ANALYSIS

When deciding a Rule 12(c) motion, the Court may consider all pleadings, including documents made part of the pleadings.  *Linicomn v. Hill*, 902 F.3d 529, 540 (5th Cir. 2018).  The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.  Rule 12(c) permits dismissal of a claim where the plaintiff fails to plead enough facts to state a claim for relief that is plausible on its face.  *Guidry v. Am. Pub. Life Ins. Co*., 512 F.3d 177, 180 (5th Cir. 2007).  Plaintiff is required to plead specific facts and the Court is to ignore conclusory allegations.  *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Under Louisiana's employment at-will doctrine, both employers and employees are free to end the employment relationship at any time, and for any reason, without liability, provided the termination violates no statutory or constitutional provision.  *Johnson v. Delchamps, Inc.,* 897 F.2d 808, 810 (5th Cir. 1990).  Under Louisiana law, employment is presumed to be at-will, unless plaintiff alleges sufficient facts to establish the existence of an employment agreement, the violation of which may support a claim for wrongful termination.  For a termination to be wrongful, it must violate a state or federal statute or constitutional provision.  *Quebedeaux v. Dow Chem. Co.,* 820 So.2d, 542, 545 (La. 2002).

The only allegations made by Henderson are that she was fired because she secured an SBA loan, and that she was unable to obtain specifics from Chase as to why she was terminated.  Because none of these violates any state or federal statute or constitutional provision, there is no

wrongful termination alleged in her Petition for Damages. Chase is entitled to judgment based on the pleadings in accordance with Fed. R. Civ. P. 12(c).

### III. CONCLUSION

For the reasons set forth herein, Chase's Motion for Judgment on the Pleadings is GRANTED.

MONROE, LOUISIANA, this 29th day of December 2021.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**